IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRYSTAL CARSON,

        Plaintiff,

v.                                                                 Case No. 20-4055-JWB

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2004-2; and
KRAMER & FRANK, P.C.,

        Defendants.

**MEMORANDUM AND ORDER**

The case is before the court on Defendant Kramer & Frank, P.C.'s (hereinafter "K&F") motion to dismiss. (Doc. 27.) The motion is fully briefed and is ripe for decision. (Docs. 29, 43, 48.) For the reasons stated herein, the motion to dismiss is GRANTED.

**I. Facts**

The following facts are taken from Plaintiff's first amended complaint (Doc. 22) and are assumed to be true for purposes of the motion to dismiss.

Plaintiff is indebted on a student loan owned by Defendant National Collegiate Student Loan Trust 2004-2 (hereinafter "Trust"). The loan is reflected in multiple written promissory notes attached to the first amended complaint. (Doc. 22-1.) Trust's predecessors performed on the notes by lending Plaintiff money to complete her higher education. Trust obtained the notes by assignment. Five of the notes are governed by the laws of California; two are governed by Ohio law. (Doc. 22 at 3.)

Trust, by and through its legal counsel K&F, brought a collection action against Plaintiff in the Third Judicial District, Shawnee County, Kansas, Case No. 2012-CV-000433 ("the Case"), which resulted in a default judgment against Plaintiff on July 12, 2012. At the time the case was filed, no payment had been made on the California notes for over four years and no payments had been made on the Ohio notes for over six years. Plaintiff alleges this period of nonpayment made the notes unenforceable under these states' statutes of limitation, which Defendants knew or should have known when they filed the Case. (*Id.* at 4-5.) Additionally, K&F allegedly knew or should have known that Trust did not possess the original promissory notes necessary to prove that Trust had a right to enforce the notes.

Defendants garnished Plaintiff's wages with her employer on August 28, 2012, September 7, 2012, and May 9, 2013. Trust assigned the judgment to itself on July 25, 2017, by filing a Notice of Assignment of Judgment in the Case. (*Id.* at 5.)

On or about July 6, 2017, Plaintiff made a phone call to K&F to speak to her regular contact. She was placed in touch with an unidentified individual at K&F who demanded that Plaintiff make a payment on the judgment and threatened her with incarceration if she did not comply. Fearing for her freedom, Plaintiff made a $200 payment to K&F for the benefit of Trust. That individual willfully concealed the fact that, because Plaintiff had never paid on the notes or judgment, her payment might have a detrimental legal effect on her and be against her interest. (*Id.* at 6.)

Defendants garnished Plaintiff's wages from her financial institution accounts on or about October 20, 2014, September 4, 2018, and May 13, 2019. The total amount of wages garnished exceeded $9,000. (*Id.* at 7.) The last order to pay money pursuant to such an order of garnishment occurred on July 31, 2019. (*Id.* at 6.) K&F and Trust are withholding the garnished funds.

The amended complaint contains sixteen counts: Count I (illegal garnishment under K.S.A. 60-2310(d)); Count II (breach of contract); Count III (violation of Kansas Consumer Protection Act (KCPA) K.S.A. 50-627, misleading statement); Count IV (KCPA violation K.S.A. 50-526, deceptive act); Counts V and VI (KCPA violation K.S.A. 50-627, unconscionable act); Count VII (KCPA violation K.S.A. 50-626, unconscionable act); Count VIII (Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692f, use of unconscionable means to collect debt); Count IX (FDCPA, 15 U.S.C. § 1692d, harassment in collection of debt); Count X (FDCPA, 15 U.S.C. § 1692e, false representation in collection of a debt); Count XI (Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788.10, impermissible threat); Count XII (Rosenthal Act, § 1788.17, failure to comply with federal law); Counts XIII, XIV, and XV (California Unfair Practices Act (CUPA), Cal. Bus. & Prof. Code § 17200, unlawful business practice); and Count XVI (Abuse of process). Defendant K&F now moves to dismiss all counts of the first amended complaint except Counts III and IV.

## II. Standards

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). As the Tenth Circuit observed:

> Determining whether a complaint contains enough well-pleaded facts sufficient to state a claim is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. The court must determine whether the plaintiff has pleaded enough facts to state a claim for relief that is plausible on its

> face, not just conceivable. Though a complaint need not provide detailed factual allegations, it must give just enough factual detail to provide fair notice of what the claim is and the grounds upon which it rests. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not count as well-pleaded facts. If, in the end, a plaintiff's well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint fails to state a claim.

*Warnick v. Cooley,* 895 F.3d 746, 751 (10th Cir. 2018) (citations and internal quotation marks omitted.)

**III. Analysis**

A. <u>Count I (illegal garnishment under K.S.A. 60-2310(d))</u>.  Count I alleges that Defendants executed garnishment orders against Plaintiff's wages[1] contrary to K.S.A. 60-2310(d), which provides in part:

> (d) Assignment of account. If any person, firm or corporation sells or assigns an account to any person or collecting agency, that person, firm or corporation or their assignees shall not have or be entitled to the benefits of wage garnishment.

The first amended complaint alleges that Defendants' wage garnishments were wrongful under this provision – presumably because Trust obtained the accounts by assignment – and that they caused Plaintiff damage. (Doc. 22 at 7.)

1. <u>Statute of limitations</u>.  Defendant raises several arguments relating to Count I, including that it is barred by the statute of limitations. (Doc. 29 at 15.)  In order to dismiss an action pursuant to Rule 12(b)(6) on the basis of an affirmative defense such as the statute of limitations, it must be clear from the dates alleged in the complaint that the right sued upon has been extinguished. *See*

---

[1] K&F asks the court to take judicial notice of what it says are copies of the wage garnishment documents. (Doc. 29 at 10.) The court declines to do so. The documents cited by K&F relating to wage garnishment appear to include a request for a garnishment order, proof of service, and a release, but do not include the garnishment order itself. (Doc. 29-3.) The court similarly declines to consider the documents attached to Plaintiff's response (Docs. 43-1 through 43-8) in ruling on the motion to dismiss. The court considers only the first amended complaint and the documents attached to it. (Doc. 22.) *See Geras v. Int'l Bus. Mach. Corp.,* 638 F.3d 1311, 1314-15 (10th Cir. 2011) (court may consider documents attached to the complaint but is not required to consider other materials or convert the motion into a one for summary judgment).

4

*Carbajal v. McCann,* 808 F. App'x 620, 634 (10th Cir. 2020) (citation omitted.)  Where the dates alleged in the complaint clearly show that fact, the plaintiff has the burden of establishing a factual basis for tolling the statute.  *Id.*  This action was filed on June 30, 2020.  (Doc. 1-1 at 2.) The first amended complaint alleges that K&F garnished Plaintiff's wages with her employer on August 28, 2012, September 7, 2012, and May 9, 2013.  (Doc. 22 at 5.)  It also alleges that Defendants garnished Plaintiff's wages from her financial institution accounts on October 20, 2014, September 4, 2018, and May 13, 2019, with an order to pay occurring as recently as July 31, 2019.  (Doc. 22 at 6-7.)  Defendant argues the three-year limitations period in K.S.A. 60-512 applies to wrongful garnishment or, in the alternative, that the two-year period in K.S.A. 60-513 applies, but in either event that the claim is time-barred.  (Doc. 29 at 15.)  Plaintiff's response fails to address the bar except to argue that a three-year rather than a two-year period applies.[2]  (Doc. 43 at 6.)

Kansas law prescribes a two-year state of limitations for most tort actions, including actions for taking or detaining personal property and actions for injury to the rights of another, not arising on contract, and not enumerated in K.S.A. 60-513.  *See* K.S.A. 60-513(a).  A three-year period applies to actions upon a liability created by statute.  K.S.A. 60-512.  The court finds no Kansas Supreme Court decision on which period governs a claim for wrongful garnishment, but it ultimately makes no difference here.  The garnishment with Plaintiff's employer occurred no later than May 9, 2013, and Plaintiff offers no argument as to how a claim based on that garnishment order could be found timely.  The motion to dismiss Count I is therefore granted insofar as the claim is based on any garnishment order served or executed on Plaintiff's employer.  As for the garnishment order executed on Plaintiff's financial institution accounts, the garnishments or

---

[2] Plaintiff's response on this issue, in its entirety, states: "There is no settled Kansas regarding [sic] this statute of limitations. The Plaintiff's argument that K.S.A. § 60-2310(d) should apply [sic] as the language of the statute better describes the cause of action asserted by Plaintiff." (Doc. 43 at 6.)

executions occurring on September 4, 2018, May 13, 2019, and July 31, 2019 were all within two years of the filing of the complaint, and therefore are not barred by the statute of limitations, regardless of whether the limitations period is two or three years. The court therefore rejects K&F's statute of limitations argument as to the financial account garnishments occurring on the latter dates.

2. Garnishment of financial institution accounts. K&F argues the claim that garnishment of Plaintiff's financial accounts violated K.S.A. 60-2310(d) is "errant nonsense" because its garnishment request sought to attach property other than earnings, and once Plaintiff deposited the funds into a bank or credit union account "they lost their identity as 'earnings' and so could not qualify for a wage exemption." (Doc. 29 at 15.) In response, Plaintiff asserts that she deposited only wages into the accounts and that they were not mixed with any other funds. (Doc. 43 at 6.) Although this issue presents a close question, the court concludes Count I fails to state a claim upon which relief can be granted insofar as it asserts wrongful garnishment of Plaintiff's financial accounts.

The court finds no Kansas Supreme Court cases on whether the "earnings" exempted by K.S.A. 60-2310(d) include wages that are deposited into a debtor's bank account. The closest Kansas case appears to be *Stormont-Vail Healthcare, Inc. v. Sievers,* 58 Kan. App. 2d 152, 463 P.3d 431 (2020), *review granted* (Nov. 20, 2020). In that case, a panel of the Kansas Court of Appeals found (by a 2-1 vote) that the exemption for earnings in K.S.A. 60-2310(d) applied only where the garnishee was the employer of the debtor, and not after wages had been deposited in the debtor's bank account:

> Because the meaning of "earnings" as defined under K.S.A. 2019 Supp. 60-2310(a)(1) and as applied under K.S.A. 2019 Supp. 61-3507(a)-(b) is inextricably tied to the employer-employee relationship, once a judgment debtor's "earnings" fall outside the employer-employee relationship—i.e., the judgment debtor's

6

> compensation for a given pay period is paid out—his or her wages lose their status as "earnings" and become "other than earnings" under K.S.A. 61-3505. Therefore, the district court did not err when it found the funds in Sievers' bank account lost their status as "earnings" and became garnishable under K.S.A. 61-3505.

*Stormont-Vail Healthcare*, 58 Kan. App. 2d at 157–58, 463 P.3d at 435. Although the garnishment provisions at issue in that case applied only to small claims, they are directly comparable to the K.S.A. Chapter 60 provisions at issue here, including those that differentiate between garnishment of earnings and garnishment of property other than earnings.[3] For example, K.S.A. 60-734, which sets forth requirements for orders to attach earnings, states that if the party requesting garnishment "is notified by the garnishee that the judgment debtor has never been employed by the garnishee or the judgment debtor's employment has been terminated," the party seeking garnishment must file a release of such garnishment. The reasoning of *Stormont-Vail Healthcare*, as applied here, leads to a conclusion that when Plaintiff's wages left her employer's control and were deposited in Plaintiff's financial account, they lost their character as "earnings" under K.S.A. 60-2310(a)(1) and were subject to garnishment as property other than earnings. *See Stormont-Vail Healthcare,* 58 Kan. App. 2d at 157, 463 P.3d at 435 ("Only an employer, not a financial institution, can act as the garnishee for a wage garnishment.")

Given that the Kansas Supreme Court has not ruled on this issue, the court's obligation is to predict how that court would rule. *See Progressive Northwestern Ins. Co. v. Gant,* 957 F.3d 1144, 1150 (10th Cir. 2020). In doing so, the court may look to lower state court decisions, decisions of other states, federal decisions, and the general weight and trend of authority. *Id.* Without a clear indication in Kansas law one way of the other, the court has no better guide than

---

[3] *See* K.S.A. 60-731 (garnishment request must state whether it seeks to attach earnings); K.S.A. 60-732 (attachment of property other than earnings); K.S.A. 60-733 (garnishment of funds held by financial institution); K.S.A. 60-734 (attachment of earnings); K.S.A. 60-736 (requirements of garnishee answer for property other than earnings); and K.S.A. 60-737 (requirements of garnishee answer regarding attachment of earnings).

to adopt the majority opinion in *Stormont-Vail Healthcare* as the rule the Kansas Supreme Court would most likely adopt. Not only is that rule consistent with statutory language indicating that garnishment of "earnings" means the attachment of funds in the hands of the debtor's employer – and does not mean funds a debtor has deposited into her own financial account – but the rule is also consistent with the greater weight of authority applying Kansas law. *See Dillon Companies, Inc. v. Davis,* 39 Kan. App. 2d 444, 181 P.3d 570 (2008) (compensation deposited into inmate trust account was subject to non-wage garnishment); *In re Adcock,* 264 B.R. 708 (D. Kan. 2000) (garnishment wage restrictions applied only to wages before they were paid; wages on deposit in checking account were not exempt); *In re Doughman,* 263 B.R. 905 (Bankr. D. Kan. 1999) (restrictions in K.S.A. 60-2310 apply only to wages before they are paid to the debtor). *See also In re Urban,* 262 B.R. 865, 870 (Bankr. D. Kan. 2001) (disagreeing with *In re Adcock* and *In re Doughman*; "[t]his Court fails to see how an 'exemption' of wages which evaporates when those wages are deposited in a debtor's bank account represents meaningful debtor protection.") and *In re Resler,* 282 B.R. 246, 248 (Bankr. D. Kan. 2002) (reconsidering the latter comment as "dicta" and finding "clear legislative intent that non-wage funds are to be treated differently and that 'paid and deposited' earnings are not subject to the same exemption protection afforded wages which have been earned but remain in the hands of the payor.")

The Kansas Supreme Court has granted review in *Stormont-Vail Healthcare*, which could indicate it has doubts about the majority's conclusion. But that is pure speculation at this point. The strongest argument against the majority rule was pointed out by the dissent in *Stormont-Vail Healthcare*: that it "undermine[s] the purpose of the wage exemption, which … was to protect a class of persons who are largely dependent on their wages for support…." *Id.*, 58 Kan. App. 2d at 166, 463 P.3d at 440. But garnishment in Kansas is an "entirely statutory" procedure (*id.*, 58 Kan.

8

App. 2d at 154, 463 P.3d at 434), and as Judge Nugent noted after reconsidering the issue, a court "must restrain itself from rewriting the Kansas garnishment and exemption laws no matter how well-meaning or rational its impulses. That job is the legislature's alone." *In re Resler,* 282 B.R. at 249. *See also In re Adcock,* 264 B.R. at 711 ("there is no language in the Kansas statutory exemption scheme which extends garnishment protection beyond wages 'paid or payable' by the employer. The rule of liberal construction does not permit judicial creation of provisions which are not contained in the statute.")

For the reasons indicated above, the court finds Count I fails to state a claim for relief under Kansas law insofar as it alleges K&F wrongfully garnished earnings from Plaintiff's financial accounts in violation of K.S.A. 60-2310(d). In view of this finding, the court need not address K&F's additional argument that Plaintiff's failure to claim an exemption in the garnishment proceeding precludes a claim for wrongful garnishment. K&F's motion to dismiss Count I is granted.

B.  Count II (breach of contract). Count II alleges that the Notes contain an implied covenant of good faith and fair dealing and that Defendants breached this covenant "by enforcing the contract" despite knowledge of various facts. (Doc. 22 at 8.) K&F moves for dismissal on two grounds: K&F was not a party to the contract, and the five-year Kansas statute of limitations bars the claim. (Doc. 29 at 16.)

It is not at all clear this claim was intended to be asserted against K&F. Although the body of Count II refers to "Defendants," the heading of the claim indicates it is asserted only against Trust. (*Id.* at 7.) Regardless, the court finds any claim for breach of contract against K&F is barred by the statute of limitations. The only act allegedly constituting a breach of contract, according to Count II, is Defendants' act of "enforcing the contract." (*Id.*) Defendants sued on the contracts in

9

April of 2012 and obtained a judgment against Plaintiff on July 12, 2012. (*Id*.at 4.) The instant action was filed nearly eight years later, on June 30, 2020.

Plaintiff's response assumes that California's four-year statute of limitations governs this claim and argues that Plaintiff has alleged unspecified "actions" within that span. (Doc. 43 at 7.) Both of these assertions are unsupported by any law or facts. In exercising supplemental jurisdiction over a state law claim, this court is obligated to apply Kansas choice-of-law rules. *BancOklahoma Mortg. Corp. v. Capital Title Co., Inc*., 194 F.3d 1089, 1103 (10th Cir. 1999). Even if the parties to the contracts agreed that California (or Ohio) substantive law governs the contracts, Kansas courts will generally "apply[y] [their] own statutes of limitations to actions before [them]." *Patterson v. Williams,* 500 F. App'x 792, 794 (10th Cir. 2012) (quoting *Muzingo v. Vaught,* 18 Kan. App. 2d 823, 859 P.2d 977, 980 (1993)). *See also Western Video Collectors, L.P. v. Mercantile Bank of Kansas*, 23 Kan. App. 2d 703, 706, 935 P.2d 237, 239 (Kan. Ct. App. 1997) ("[U]nless the parties expressly agree to apply the statute of limitations of another state, general choice of law provisions in contracts incorporate only substantive law and do not displace the procedural law of the forum state."). Plaintiff does not claim that the parties expressly agreed to apply California (or Ohio) statutes of limitations. Kansas applies a five-year limitations period to actions based on a written contract. K.S.A. 60-511(1). Although the first amended complaint alleges acts by Defendants to enforce *the judgment* in the five-year period to June 30, 2020, the act of "enforcing the contract" culminated with the judgment against Plaintiff rendered on July 12, 2012. Plaintiff alleges no act by K&F "enforcing the contract" within five years of filing the action and no basis for tolling the statute; the claim is thus barred by the statute of limitations.

C. Counts V, VI and VII (KCPA unconscionable or deceptive acts and practices). Count V alleges that Defendants' garnishment actions constituted unconscionable acts and practices in

violation of K.S.A. 50-627 because they were "in violation of other law" and they "excluded, modified or otherwise attempted to limit any remedy provided by law." (Doc. 22 at 9-10.) Count VI essentially repeats those allegations and adds that the garnishments "constitute a willful failure to state a material fact, … namely, … they represented to Plaintiff and the court that their actions were within state and federal law." (*Id.* at 10.) Count VII repeats these allegations and alleges that the garnishment actions constituted deceptive acts and practices in violation of K.S.A. 50-626. (*Id.* at 11.)[4] K&F argues the allegations fail to show a violation of the KCPA because K&F's wage garnishment did not violate Kansas law and, in any event, the claims are barred by the three-year statute of limitations in K.S.A. 60-512. (Doc. 29 at 17.)

The court concludes Counts V, VI, and VII are barred by the statute of limitations insofar as they are based upon wage garnishments that K&F served on Plaintiff's employer. Those actions took place, according to the complaint, no later than May 9, 2013, over seven years before the complaint was filed. Kansas provides a three-year limitations period for claims upon a liability created by statute, including actions under the KCPA. K.S.A. 60-512; *Stonehouse Rentals, Inc. v. Doran,* No. 17-4046-JAR, 2018 WL 324262, at *5 (D. Kan. Jan. 8, 2018). As for K&F's garnishment of Plaintiff's financial account, some of those acts occurred within the three-year limitations period, but for reasons previously discussed the court finds K&F's actions did not violate the wage exemption provision in K.S.A. 60-2310(d). And aside from that alleged illegality, Plaintiff has not explained how the garnishments support a claim under the KCPA. (Doc. 43 at 7.) Counts V, VI, and VII are accordingly dismissed.

---

[4] The court notes that KCPA allegations of deceptive conduct must be pled with particularity. *Weckhorst v. Kan. State Univ.,* 241 F. Supp. 3d 1154, 1176 (D. Kan. 2017) (the particularity requirement of Fed. R. Civ. P. 9(b) applies to such claims). Plaintiff's vague allegations arguably fail to meet this standard.

D. <u>Counts VIII, IX, and X (FDCPA claims)</u>.  Count VIII alleges that "Defendants' debt collection actions violated state law," that their "threat of incarceration for failure to pay a debt is an unfair or unconscionable act," and that use of such means in violation of state law is an unfair practice in violation of 15 U.S.C. § 1692f. (Doc. 22 at 12.)  Count IX alleges that the threat of incarceration was harassment or abuse in violation of 15 U.S.C. § 1692d.  (*Id.*)  Count X alleges the threat of incarceration was a false or misleading representation, or a threat to take action that cannot legally be taken and was not intended to be taken, in violation of 15 U.S.C. § 1692e.  K&F argues these claims fail to state a valid claim for relief and that they are barred by the one-year statute of limitations in 15 U.S.C. § 1692k(d).  Plaintiff's response to the statute of limitations argument, in its entirety, states: "Plaintiff alleges actions that violate the FDCPA withing [sic] the one year statutory time period."  (Doc. 43 at 8.)

An action to enforce a liability created by the FDCPA "may be brought … within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  The only specific act identified in the FDCPA counts against K&F is the alleged threat to incarcerate Plaintiff if she did not pay the debt.  According to the first amended complaint, that threat occurred on July 6, 2017. (Doc. 22 at 6.)  This lawsuit was filed almost three years later.  Plaintiff fails to articulate any basis on which these claims could be found timely.  The motion to dismiss Counts VIII, IX, and X is accordingly granted based on the statute of limitations.

E. <u>Counts XI-XV (California unfair practices claims)</u>.  Count XI alleges Defendants' threat of incarceration violated Cal. Civ. Code § 1788.10. (Doc. 22 at 13.)  Count XII alleges that Defendants' "violations of federal debt collection law as alleged in this First Amended Complaint … are violations of Cal. Civ. Code § 1788.17, which requires compliance with federal law." (*Id.* at 14.)  Count XIII alleges that Defendants' "violation[] of state and federal law … is an unlawful,

12

unfair or fraudulent business practice pursuant to Cal. Bus. & Prof. Code § 17200." (*Id.*)  Count XIV alleges that "[s]uing to collect on the Notes when they are past the statute of limitations and where no judicial remedy would be available is an unlawful, unfair or fraudulent business practice pursuant to Cal. Bus. & Prof. Code § 17200." (*Id.* at 15.)  Count XV alleges that "[s]uing to enforce the Notes with knowledge that the Trust does not have proof that it is entitled to enforce the Notes is an unlawful, unfair or fraudulent business practice pursuant to Cal. Bus. & Prof. Code § 17200." (*Id.*)

K&F argues these allegations fail to state a valid claim for relief, among other reasons, because California consumer protection laws do not apply to the alleged conduct. (Doc. 29 at 21-22.)  The court agrees. Plaintiff contends she is entitled to invoke California remedies for unfair debt collection practices and unfair business practices because the Notes – or at least some of them – say they "will be governed by … the laws of the State of California." (*See e.g.,* Doc. 22-1 at 5). That notion is mistaken. The fact that California law may govern any *contract* dispute does not mean Plaintiff is entitled to invoke any and all remedies provided by other facets of California law. For choice-of-law purposes, allegedly deceptive, fraudulent, or abusive debt collection and business practices are generally considered tort-type actions. *See Guidance Endodontics, LLC v. Dentsply Intern., Inc.*, 663 F. Supp. 2d 1138, 1152 (D. N.M. 2009) (categorizing consumer protection claims as tort actions for choice of law purposes). Kansas would likely classify the counts at issue here – which allege breach of duties imposed by law rather than contract, and which assert fraudulent or deceptive acts independent of the contract – as tort-type claims, and would therefore apply the principle of *lex loci delicti* to determine which state's law applies. *Gazaway v. Ideal Clamp Prods., Inc.*, No. 20-2515-JWB, 2021 WL 533832, at *3 (D. Kan. Feb. 12, 2021) ("For tort claims, the rule in Kansas 'is that the law of the state where the tort occurred – *lex loci*

*delicti* – should apply.'") (quoting *Ling v. Jan's Liquors*, 237 Kan. 629, 634, 703 P.2d 731, 735 (1985)).  The place of the wrong here is clearly Kansas, not California.  To be clear: none of the parties in this case is a resident of California and none of the allegedly unlawful or tortious acts took place in California.  Plaintiff is a resident of Kansas and all of the acts allegedly constituting wrongful debt collection or fraudulent practices occurred in Kansas.  As such, Kansas rather than California substantive law governs the conduct alleged in Counts XI-XV.  Because those claims are asserted only under California law, and Plaintiff does not seek to assert them under Kansas law, K&F's motion to dismiss Counts XI-XV is granted.

  F. <u>Count XVI (Abuse of process)</u>.  Count XVI alleges that Defendants "knew or should have known that their actions were in violation of state and federal law," and that "[i]nitiating and continuing the Case brought and continued in violation of law is an improper, abusive, and prevented use of the civil process." (Doc. 22 at 16.)  K&F argues the allegations fail to state a valid claim for relief and that the statute of limitations otherwise bars the claim.  The court finds the allegations fail to state a plausible claim for abuse of process under Kansas law, and it grants the motion to dismiss the claim on that basis.

"The elements of abuse of process in Kansas are: 1) that the defendant made an illegal, improper, perverted use of the process (a use neither warranted nor authorized by the process); 2) the defendant had an ulterior motive or purpose in exercising such process; and 3) damage resulted to the plaintiff from the irregularity." *Holick v. Burkhart*, 388 F. Supp. 3d 1370, 1383 (D. Kan. 2019) (citing *Porter v. Stormont-Vail Hosp.*, 228 Kan. 641, 646, 621 P.2d 411, 416 (1980)).  *See also Jackson & Scherer, Inc. v. Washburn*, 209 Kan. 321, 331, 496 P.2d 1358, 1366 (1972) ("abuse of process is the employment of a process in a manner not contemplated by law, or to obtain an object which such a process is not intended by law to effect.")

14

Plaintiff's allegations fail to state how K&F made use of judicial process in a manner that was not authorized by the process. Nor do the allegations identify any ulterior motive or purpose. The allegations parrot some of the elements of a claim for abuse of process, but only in a perfunctory manner. *See Safe Streets Alliance v. Hickenlooper,* 859 F.3d 865, 878 (10th Cir. 2017) ("[m]ere 'label and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim.'") (citation omitted.)

**IV. Conclusion**

K&F's motion to dismiss (Doc. 27) is GRANTED. The following claims against K&F in the first amended complaint are hereby DISMISSED: Counts I-II (1-2) and V-XVI (5-16). IT IS SO ORDERED this 15th day of March, 2021.

                                                     s/ John W. Broomes
                                                     JOHN W. BROOMES
                                                     UNITED STATES DISTRICT JUDGE